Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol 1300123)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
      Telephone: (213) 894-4983
      Facsimile:  (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SETH D. HARRIS**,<br>   Acting Secretary of Labor,<br>   United States Department of Labor,<br><br>                      Plaintiff,<br><br>            v.<br><br>**NGHE THU NGO,** Individually and as Managing Agent of Twinkle Fashion, Inc.**;**<br>**SANH NGO,** Individually and as Managing Agent of Twinkle Fashion, Inc.;<br><br>                      Defendants. | Case No. CV 13-01353 R (DTBx)<br><br><br><br><br>**CONSENT JUDGMENT** |

     A.   The plaintiff, Seth D. Harris, Acting Secretary of Labor, U.S. Department of Labor ("Secretary"), has filed his Complaint herein alleging that defendants Nghe Thu Ngo, Individually and as Managing Agent of Twinkle Fashion, Inc. and Sanh Ngo, Individually and as Managing Agent of Twinkle Fashion, Inc. ("Defendants"), violated provisions of Sections 15(a)(1), 15(a)(2), and 15(a)(5), 29 U.S.C. §§ 215(a)(1), 215 (a)(2), and 215(a)(5), of the Fair Labor Standards Act of 1938, as amended ("FLSA").

     B.   Defendants have appeared and been advised by the Plaintiff of the right to retain the assistance of defense counsel.

     C.   Defendants acknowledged receipt of a copy of the Secretary's Complaint.

  D. Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

  E. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

  F. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

  G. Defendants are entering into this Consent Judgment as a business decision and to limit litigation costs.

  H. Defendants have transmitted to the Department of Labor individual net payroll checks totaling $19,861.33 which shall be distributed to the employees by the Secretary of Labor in accord with the process set forth below.

  It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

  ORDERED, ADJUDGED, AND DECREED that Defendants Nghe Thu Ngo and Sanh Ngo, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(1), 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(1), 215(a)(2), and 215(a)(5), in any of the following manners:

  1) Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce or the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for a workweek longer than 40 hours unless the employee is paid at a rate of time and one half the employee's regular rate for all hours worked in excess of 40 hours in a workweek.

  2) Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for

such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

Defendants shall maintain accurate records of hours worked and wages paid to their employees, on their business premises, for a period of two years. Defendants shall also maintain all piece tickets showing work done by employees for a period of two years on their business premises or in a central location where it shall be made available to representatives of the Secretary of Labor within 72 hours of their request.

3) Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee has been employed in violation of FLSA § 7, 29 U.S.C. § 207.

4) Defendants, jointly and severally, shall not continue to withhold the payment of $39,722.67, the unpaid balance of $59,584.00 in overtime pay hereby found to be due under the FLSA to 30 employees for their employment by Defendants at Twinkle Fashion, Inc. during the period from January 15, 2011 to January 14, 2013. The attached Exhibit 1 shows the name of each employee, period of employment and gross backwage amount due to each employee.

5) Pursuant to the immediately preceding paragraph, defendants shall not fail to deliver to the Secretary's authorized representatives at

U.S. Department of Labor

918 Wilshire Boulevard, Suite 960

Los Angeles, CA  90017

A. On or before February 15, 2013, a schedule bearing the name of Twinkle Fashion, Inc., its address and employer identification number. The schedule must show

the name, last known home address, and social security number for each person listed in the attached Exhibit 1.  The schedule must also show the payments due to each employee as follows:

    1.  The payments are going to be made in two installments, one payment of $19,861.33 is due on February 15, 2013, and the other payment of $19,861.34 is due on March 1, 2013.

    2.  For each installment, the schedule must show the gross amount due to each employee as set forth on Exhibit 1, the amount of legal deductions for Social Security and state and federal taxes withheld, and the net amount of the check.

B.  The payments to employees must be by certified check, cashier's check or money order, made payable to the employee and the Wage and Hour Division, U.S. Department of Labor, as alternative payees, i.e., "Pay to the order of  __(Name) **or** Wage & Hour Div., Labor."  Each check shall be in the net amount due to the particular person after making the legal deductions.

In the event of any default in the timely making of any payment due hereunder, the full amount due under the backwage provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendants then known to the Secretary.

The Secretary shall allocate and distribute the remittances, or the proceeds thereof, to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion.  Any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c);

6) Defendants, individually or collectively, directly or through agents, employees, associates, friends or relatives, shall not in any way demand, require or accept any of the backwages due under this Judgment from any employee. Defendants cannot threaten or imply that adverse action will be taken against any employee because of his /her receipt of funds due under this Judgment. Defendants understand and agree that demanding or accepting any of the wages due under this Judgment or threatening any employee for accepting money due under this Judgment is specifically prohibited by this Judgment;

7) Defendants shall maintain for a period of three years copies of all cutting tickets issued by the manufacturers for whom they produce work and supply copies of these records to representatives of the Secretary of Labor upon their request;

8) Defendants shall distribute a copy of the attached Exhibit 2, in English, Spanish, Chinese and Vietnamese which summarizes terms of this Judgment and the employees' rights under the FLSA to each of their employees, in the employees' native language, and post a copy in all four languages at its establishment; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

SO ORDERED.

Dated: March 4, 2013  _____
U.S. DISTRICT COURT JUDGE

///

///

///

1. The defendant Nghe Thu Ngo,
2. individually and as managing agent
3. of Twinkle Fashion, Inc., was advised of her
4. right to retain an attorney, hereby appears,
5. waives any defense herein, consents to the entry of
6. this Judgment, and waives notice by the
7. Clerk of Court:

By: _____  Jan 29, 2013
    Nghe Thu Ngo              Date

The defendant Sanh Ngo
individually and as managing agent
of Twinkle Fashion, Inc. was advised of his
right to retain an attorney, hereby appears,
waives any defense herein, consents to the entry of
this Judgment, and waives notice by the
Clerk of Court:

By: _____  Jan 29, 2013
    Sanh Ngo                 Date

For the plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____  January 29, 2013
SUSAN SELETSKY, Attorney   Date
Attorneys for the Plaintiff
U.S. Department of Labor

JUDGMENT (Sol #1300123)                              Page 6 of 9

Exhibit 1

| Last Name | First Name | From | To | Amount Due |
|---|---|---|---|---|
| ANCHALEE | WITTHAYAPRAPHAPHORN | 1/16/2011 | 8/11/2012 | $2,128.00 |
| AU | KIEU LI | 2/13/2011 | 1/12/2013 | $2,576.00 |
| CHEN | HSIAN TZ | 1/16/2011 | 1/12/2013 | $2,688.00 |
| CHIU | BING YI TANG | 7/29/2012 | 1/12/2013 | $ 616.00 |
| CHU | FANG CHIN | 1/16/2011 | 1/12/2013 | $2,688.00 |
| CHU | HOA VINH | 5/29/2011 | 1/12/2013 | $2,184.00 |
| FU | KING HEUNG | 6/10/2012 | 1/12/2013 | $ 784.00 |
| HAY | MENG VAN | 1/16/2011 | 1/12/2013 | $2,688.00 |
| HONG | VA SAU HO | 10/30/2011 | 8/25/2012 | $1,120.00 |
| HUANG | BIN | 1/16/2011 | 10/6/2012 | $2,352.00 |
| HUANG | ME YI | 1/16/2011 | 1/12/2013 | $2,688.00 |
| KANN | SOKHOM | 4/1/2012 | 1/12/2013 | $1,064.00 |
| LO | MO SHAN LI | 10/14/2012 | 1/12/2013 | $ 336.00 |
| LUOIE | FENG SU ZHU | 1/16/2011 | 6/23/2012 | $1,960.00 |
| NGUYEN | DANG NGOC | 2/12/2012 | 1/12/2013 | $1,232.00 |
| NGUYEN | HOANG CONG | 9/25/2011 | 1/12/2013 | $1,736.00 |
| NGUYEN | PHUONG BICH | 1/16/2011 | 11/24/2012 | $2,520.00 |
| PAN | FENG LING | 2/13/2011 | 7/28/2012 | $1,960.00 |
| PHO | CHAU PHONG | 1/16/2011 | 1/12/2013 | $2,688.00 |
| PHO | NGA TO | 4/29/2012 | 12/8/2012 | $ 840.00 |
| SANTACRUZ | JESUS PINEDA | 1/16/2011 | 1/12/2013 | $2,688.00 |
| TRUONG | GIANG K. | 1/16/2011 | 1/12/2013 | $2,688.00 |
| TUONG | PHUONG TAI | 1/16/2011 | 1/12/2013 | $2,688.00 |

| Last Name | First Name | From | To | Amount Due |
|---|---|---|---|---|
| UN | DARAVATEI | 3/13/2011 | 9/8/2012 | $2,016.00 |
| WEN | QI HONG | 1/16/2011 | 1/12/2013 | $2,688.00 |
| WU | JIN YU | 9/25/2011 | 11/26/2011 | $  224.00 |
| WU | MEI CI | 2/13/2011 | 11/24/2012 | $2,408.00 |
| WU | PEI YING | 1/16/2011 | 11/24/2012 | $2,520.00 |
| ZHANG | KAI ZHUANG | 1/16/2011 | 8/11/2012 | $2,128.00 |
| ZHANG | XIU XING | 1/16/2011 | 1/12/2013 | $2,688.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 2

# LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to overtime when they work over 40 hours.

Twinkle Fashion has settled a lawsuit with the **U.S. Department of Labor**.  As part of this settlement, Twinkle Fashion has agreed to pay unpaid backwages owed to some employees.  The Department of Labor will distribute these checks to the employees who are owed money.  Nobody from the company can ask you for this money back, and no employee must return this money back.

Your employer want you to know that it is committed to ensuring that all employees are paid overtime when it is due and in fully complying with all laws enforced by the Department of Labor.   If you are not paid overtime, or if anybody associated with this shop tells employees to return their wages, please call the **U.S. Department of Labor at (213) 894-6375**.  Your name will be kept confidential and not disclosed.